# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action Number |
| | ) | 09-00121-01-CR-W-DGK |
| Gilberto Lara-Ruiz, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is the MOTION TO DISMISS INDICTMENT [Doc. 154] filed on June 14, 2010, by defendant Gilberto Lara-Ruiz ("Lara-Ruiz"). Most of the facts underlying this motion to dismiss are undisputed. On December 30, 2006, Lara-Ruiz was arrested based on a criminal complaint in the Central Division of the United States District Court for the Western District of Missouri, charging him with conspiracy to distribute and possess methamphetamine between December of 2004 and December 26, 2006, in violation of 21 U.S.C. § 846. *United States v. Lara Ruiz*, 07-04002-01-CR-C-SOW (W.D. Mo.) [Doc. 1] (hereinafter cited as *Lara-Ruiz I*). On January 5, 2007, Lara-Ruiz was formally indicted and charged in three counts with: [Count One] possession with intent to distribute methamphetamine on December 29, 2006; [Count Two] possession with intent to distribute methamphetamine on December 21, 2006; and [Count Three] conspiracy to distribute and possess with intent to distribute methamphetamine between December of 2004 and December 26, 2006 "both dates being approximate and inclusive." *Lara-Ruiz I* [Doc. 15]. Shortly thereafter, on February 2, 2007, Lara-Ruiz was charged in a four-count superceding indictment which repeated the previous three counts and

added a fourth count charging Lara-Ruiz with being an alien who illegally entered the United States. *Lara-Ruiz I* [Doc. 22].

On May 2, 2007, the district court[1] held a hearing to accept a change of plea from Lara-Ruiz wherein Lara-Ruiz plead guilty to Count Two of the superceding indictment (possession with intent to distribute methamphetamine on December 21, 2006) and Count Four of the superceding indictment (illegal entry into the United States). *Lara-Ruiz I* [Doc. 27]. The change of plea was the result of a PLEA AGREEMENT reached between Lara-Ruiz and the United States Attorney for the Western District of Missouri. *Lara-Ruiz I* [Doc. 26]. On February 5, 2008, in a hearing before the district court, the government (pursuant to the PLEA AGREEMENT) dismissed Count One of the superceding indictment (possession with intent to distribute methamphetamine on December 29, 2006) and Count Three of the superceding indictment (conspiracy to distribute and possess with intent to distribute methamphetamine between December of 2004 and December 26, 2006). *Lara-Ruiz I* [Doc. 35]. On that same date, the District Court sentenced Lara-Ruiz to 87 months incarceration on Count Two and 6 months incarceration on Count Four (the sentences to be served concurrently). *Lara-Ruiz I* [Doc. 35]. On February 14, 2008, the district court entered its JUDGMENT IN A CRIMINAL CASE memorializing the dismissals and the sentence. *Lara-Ruiz I* [Doc. 36].

On April 9, 2009, Lara-Ruiz was charged in the United States District Court for the Western District of Missouri, <u>Western</u> Division, in a fifteen-count indictment[2] with engaging in a criminal enterprise which involved possession with intent to distribute methamphetamine between January 1, 2005 and December 27, 2006 (and specific dates therein) [Counts One, Three, Four,

---

[1] The Honorable Scott O. Wright, Senior Judge.

[2] Only fourteen counts pertain to Lara-Ruiz.

Five, Six, Seven, Eighth, Nine, Ten, Eleven, Twelve, and Thirteen] and possession of a firearm in the furtherance of drug trafficking crimes [Counts Fourteen and Fifteen]. [Doc. 1].

Lara-Ruiz has now moved to have the indictment dismissed as to him, arguing that his due process rights are being violated by the government's current indictment which, he argues, contravenes the PLEA AGREEMENT in *Lara-Ruiz I*. As discussed *infra*, the undersigned recommends that the Court, after making an independent review of the record and applicable law, enter an order granting, in part, and denying, in part, the motion to dismiss.

In considering the scope and meaning of a plea agreement, a court must bear in mind a number of considerations. Plea agreements are contractual in nature and should be interpreted according to general contractual principles. *United States v. DeWitt*, 366 F.3d 667, 669 (8th Cir. 2004). However, while plea agreements are essentially contracts between the defendant and government, because of their unique nature, they are subject to some special limitations. *Margalli-Olvera v. INS*, 43 F.3d 345, 351 (8th Cir.1994) ("Application of . . . contract principles is tempered by the constitutional implications of a plea agreement."). For example, where a plea agreement is ambiguous, the ambiguities are construed against the government. *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003) (*en banc*). *See also*, *Margalli-Olvera*, 43 F.3d at 353 (noting that ambiguities are construed against the government because "these agreements are normally drafted by the Government and involve significant rights of a defendant"). Further:

> With respect to federal prosecutions, the courts' concerns run even wider than protection of the defendant's individual constitutional rights - to concerns for the honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government.

*United States v. Thompson*, 403 F.3d 1037, 1039 (8th Cir. 2005) (*citation omitted*). Finally, a breach of a promise that induced a guilty plea violates due process. *United States v. Van Thournout*, 100 F.3d 590, 594 (8th Cir. 1996).

Pursuant to the PLEA AGREEMENT at issue in this case, the government agreed to seek the dismissal of Counts One and Three of the superceding indictment in *Lara-Ruiz I*. In conformity with that understanding, at Lara-Ruiz' sentencing on February 5, 2008, the government moved to dismiss those counts. The district court granted that dismissal and memorialized it in the ensuing JUDGMENT IN A CRIMINAL CASE. However, the available record in *Lara-Ruiz I* does not explicitly state whether the government's dismissal Counts One and Three of the superceding indictment was "with prejudice" or "without prejudice." It is, of course, axiomatic that a dismissal of a count with prejudice generally bars reprosecution of a defendant on that offense, while a dismissal without prejudice typically does not impede recharging a defendant.

When the dismissal of a criminal count (or an entire indictment) is silent as to whether it is with or without prejudice, some examination of the parties (and the district court's) intent is required. In this case, that examination need not take up a great deal of time. It is simply inconceivable that a plea agreement between the government and a defendant that proposes a dismissal of some counts of an indictment, does not typically intend for the dismissal to be with prejudice. The entire *sine qua non* of a plea agreement is that a defendant agrees to plead guilty to some illegal activity in exchange for the government agreeing not to pursue prosecution of other illegal activity that might be proven if there were a trial. Such an agreement has little meaning if

4

the government were unabashedly free to refile or re-indict on dismissed charges after the defendant's guilty plea is entered.³ As another federal court has found:

> Dismissals by the government are generally presumed to be without prejudice, unless a contrary intent is clearly expressed. The intent of the parties as to the plea agreement – as manifest in the agreement itself – was clearly that the dismissal be with prejudice. The government's motion to dismiss and the court's subsequent dismissal should be construed in light of that intent.

*United States v. Brown*, 425 F.3d 681, 682 (9th Cir. 2005) (*per curiam*) (*citations and internal punctuation omitted*). Consequently, when a plea agreement provides for the dismissal of some counts, such a dismissal is presumptively <u>with prejudice</u>.⁴ Such a rule is in line with common

---

³ The PLEA AGREEMENT in *Lara-Ruiz I* provides:

> Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against the defendant for any federal criminal offenses related to possession with intent to distribute methamphetamine for which it has venue and which arose out of the defendant's conduct described above. Additionally, the United States Attorney for the Western District of Missouri agrees to dismiss the original indictment and Counts 1 and 3 of the superseding indictment at sentencing.

While not expressly stating that the dismissals were with prejudice, a plain reading of the above-quoted language of the PLEA AGREEMENT compels the assumption that the government intended to dismiss Counts 1 and 3 with prejudice and to forego prosecution of defendant Lara-Ruiz for any additional charges related to possession with intent to distribute methamphetamine during the relevant time period.

⁴ If a dismissal without prejudice is a necessary aspect of the government's assent to a particular plea agreement, the government (which generally is the principal drafter of such agreements) should include such specific language in the plea agreement. As one court has noted:

> As a judge, my function is not to assist the Government's efforts to win convictions. Rather, I sit to "further the administration of criminal justice" – a task that entails, inter alia, enforcing

5

sense and federal law.⁵ As such, counts dismissed pursuant to a plea agreement may not be refiled against a defendant unless the district court refuses to accept the plea agreement, the defendant materially breaches the plea agreement, or the plea agreement expressly allows for the refiling.

As such, at the sentencing of Lara-Ruiz on February 5, 2008, the district court dismissed with prejudice Counts One and Three of the superceding indictment in *Lara-Ruiz I*. Of import to the current case, dismissed Count Three provided:

> From an unknown date, but at least as early as December 2004, the exact date being unknown, and continuing to on or about December 26, 2006, both dates being approximate and inclusive, in Cole, Jackson, and Hickory Counties, in the Western District of Missouri, and elsewhere, GILBERTO LARA-RUIZ, Defendant, did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown, to knowingly and intentionally distribute and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Section 846, and punishable under Section 841(b)(1)(A)(viii).

---

> Government promises to criminal defendants. I therefore hold that the parties' plea bargain agreement precluded the Government from reprosecuting defendant for those charges which the Government agreed to dismiss with prejudice as part of [the] plea bargain. . . . Had the Government insisted on a "without prejudice" designation, perhaps it would not now be estopped from reprosecution.

*United States v. Serubo*, 502 F.Supp.290, 293 (E.D. Pa. 1980).

⁵ The clear implication of federal law is that counts dismissed as part of a plea agreement typically may not be refiled by the government (*i.e.*, are "dismissals with prejudice") absent extremely rare and unusual circumstances. For instance, federal law provides that "any counts of an indictment . . . that are dismissed pursuant to a plea agreement" may be reinstated by a district court only when "the guilty plea was subsequently vacated on the motion of the defendant." 18 U.S.C. § 3296(a)(3).

*Lara-Ruiz I* [Doc. 22].  By comparison, the indictment in this case similarly charges Lara-Ruiz with:

> (1) violating 21 U.S.C. § 848, between January 1, 2006, and December 27, 2006, by knowingly and intentionally distributing and possessing with intent to distribute methamphetamine in the Western District of Missouri [Count One];
>
> (2) violating 21 U.S.C. §§ 841, 846, between January 1, 2006, and December 27, 2006, by knowingly and intentionally distributing and possessing with intent to distribute methamphetamine in the Western District of Missouri [Counts Three through Nine];
>
> (3) violating 21 U.S.C. § 1956, between January 1, 2006, and December 27, 2006, by knowingly and intentionally laundering money generated by the actions of distributing and possessing with intent to distribute methamphetamine in the Western District of Missouri [Counts Ten through Thirteen]; and
>
> (4) violating 21 U.S.C. § 924, between January 1, 2006, and December 27, 2006, by knowingly and intentionally possessing and discharging a firearm in furtherance of his actions in distributing and possessing with intent to distribute methamphetamine in the Western District of Missouri [Counts Fourteen through Fifteen].

In his motion to dismiss, Lara-Ruiz argues that the PLEA AGREEMENT in *Lara-Ruiz I* bars all of the aforesaid counts in the indictment for this case and, thus, prosecuting Lara-Ruiz on such counts would be a violation of his due process rights.[6]  In response the government offers several arguments in support of the new indictment and in opposition to the motion to dismiss.

The government concedes that prior to the entry of the PLEA AGREEMENT in *Lara-Ruiz I*, the United States Attorney's Office for the Western District "began conducting a separate and independent investigation" into Lara-Ruiz' activities.  However, the government argues that the new investigation was conducted out of the "Western Division" offices in Kansas City, while

---

[6] Any promise made by the Government that constitutes a significant part of the defendant's inducement or consideration for making the plea agreement must be fulfilled to satisfy due process.  *Santobello v. New York*, 404 U.S. 257, 262 (1971).

*Lara-Ruiz I* was handled out of the "Central Division" offices in Jefferson City. The government notes that in the investigation in the Western Division, Lara-Ruiz was known only as "Hill" until after the PLEA AGREEMENT in *Lara-Ruiz I* had been reached. The government implicitly suggests that its lack of knowledge should allow the present indictment to proceed. The Court rejects this argument. Lara-Ruiz' use of the nickname "Hill" was not unknown. Indeed, both the superceding indictment and the PLEA AGREEMENT in *Lara-Ruiz I* make explicit reference to the fact that the government's confidential witness knew Lara-Ruiz as "Hill."

It appears that the right hand simply did not know what the left hand was doing in the United States Attorney's Office with regard to Lara-Ruiz. However, the responsibility for such confusion must be borne by the government. The PLEA AGREEMENT in *Lara-Ruiz I* expressly states that it was made between Lara-Ruiz and "the United States Attorney's Office for the Western District of Missouri." There is no limitation by division. Moreover, the PLEA AGREEMENT states:

> The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state or local prosecution authority, or any other government agency, unless otherwise specified in this agreement.

The plain implication of this language is that the PLEA AGREEMENT <u>does bind</u> the United States Attorney for the Western District of Missouri.

Similarly unavailing is the government's argument that the present indictment is excepted from coverage under the PLEA AGREEMENT in *Lara-Ruiz I* because the agreement only prevents the government from bringing new charges against Lara-Ruiz "based on the evidence in its possession at this time." The government argues that the word "its" refers only to the "Central Division." Such an interpretation has no support in logic or in the plain language of the PLEA

AGREEMENT. The unambiguous language in the PLEA AGREEMENT makes its evident that the phrase "based on the evidence in its possession at this time" refers to the Office of the United States Attorney for the Western District of Missouri. *Compare United States v. Kelly*, 18 F.3d 612, 616 (8th Cir. 1994) (when the language in a plea agreement is unambiguous, the court should enforce the plain meaning of the agreement).

The Court likewise rejects the argument advanced by the government that the PLEA AGREEMENT does impact the current indictment because the Central Division would have venue over the activities at issue in the present indictment. The government asserts that the Central Division's jurisdiction does not extend to the counties where the acts occurred in the present indictment. This "argument" ignores the fact that the *Lara-Ruiz I* involved activities occurring in Jackson and Cass counties which lie in the Western Division of the Western District of Missouri. 28 U.S.C. § 105(b)(1).

More fundamentally, the government's argument is an effort to impose "divisional venue" into the federal criminal process. The Federal Rules of Criminal Procedure provide, in part:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a <u>district</u> where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice.

FED. R. CRIM. P. 18 (*emphasis added*). The 1966 amendments to Rule 18 <u>explicitly</u> eliminated the requirement that the prosecution of an alleged offense must take place in the congressionally designated division, if one exists, in which the alleged offense was committed. FED. R. CRIM. P. 18, Notes of Advisory Committee [1966 Amendment]. *See also* DAVID D. SIEGEL, COMMENTARY ON 1988 REPEAL OF § 1393, *located at* 28 U.S.C. § 1393 [*repealed*] (discussing Congress' 1988 elimination of divisional venue in civil cases and noting Congress' "elimination of divisional

9

venue in criminal cases years earlier"). The government's argument based on divisional venue is frivolous.

Finally, the government argues that, at a minimum, Counts Fourteen and Fifteen of the present Indictment are not subject to dismissal. Those counts involve the use of a firearm during and in relation to drug trafficking activities. The government contends that its ability to bring these charges is preserved in the PLEA AGREEMENT. To that end, the PLEA AGREEMENT provides:

> The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any other criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The government notes that violations of the subject firearms statute, 21 U.S.C. § 924, are considered "crimes of violence" under the UNITED STATES SENTENCING GUIDELINES.

Although the question presented is a close one, the Court agrees that the PLEA AGREEMENT in *Lara-Ruiz I* permitted the government to pursue the firearms allegations in Counts Fourteen and Fifteen of the present indictment. In the view of the Court, the above-quoted language from the PLEA AGREEMENT in *Lara-Ruiz I* must have some meaning. By its plain language, the quoted paragraph preserves the government's rights to bring charges against Lara-Ruiz in four instances:

(1)  an act of murder or attempted murder,

(2)  an act or attempted act of physical or sexual violence against the person of another,

(3)  a conspiracy to commit any such acts of violence, or

(4)  any other criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

10

Based on the concessions of the government, it appears likely that it had information that Lara-Ruiz may have committed or conspired to commit an act of violence at the time the PLEA AGREEMENT was reached in *Lara-Ruiz I*. However, the PLEA AGREEMENT does not limit prosecution on such charges to those unknown to the United States Attorney's Office. Because the Plea Agreement expressly permits the filing of Counts Fourteen and Fifteen of the present indictment, neither the dismissal with prejudice of the prior superceding indictment in *Lara-Ruiz I* nor the due process clause supports a dismissal of those counts.

Accordingly, it is

**RECOMMENDE**D that the Court, after making an independent review of the record and applicable law, enter an order **GRANTING IN PART AND DENYING IN PART** the MOTION TO DISMISS INDICTMENT [Doc. 154] filed on June 14, 2010, by defendant Gilberto Lara-Ruiz. Specifically, it is recommended that the Court **GRANT** dismissal of COUNT(s) ONE, THREE, FOUR, FIVE, SIX, SEVEN, EIGHT, NINE, TEN, ELEVEN, TWELVE, and THIRTEEN and **DENY** dismissal of COUNT(s) FOURTEEN and FIFTEEN.

Counsel are reminded that each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

                                          /s/ *John T. Maughmer*
                                       **JOHN T. MAUGHMER**
                                       **U. S. MAGISTRATE JUDGE**